## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gary Phillips, | ) | |
| | ) | Civil Action No.: 5:20-cr-02483-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Bimbo Bakeries USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et. seq.* following his termination from his position as Maintenance Lead Mechanic for Defendant due to an alleged safety violation of Plaintiff. (ECF No. 1-1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 13), filed on August 18, 2020, recommending that the court deny in part and grant in part Defendant Bimbo Bakeries USA, Inc.'s Motion to Dismiss (ECF No. 4), allow Plaintiff Gary Phillips' claim for Title VII discrimination to proceed, and dismiss Plaintiff's promissory estoppel claim with prejudice.

According to Plaintiff's Complaint, following his alleged safety violation, supervisor Bill Blanford informed Plaintiff that the repercussions taken against him were merely "politics" and "about this, black and white" while pointing at his skin. (ECF No. 1-1 at 5 ¶¶ 13-14.) In addition to his Title VII claim for employment discrimination, Plaintiff alleges a claim for promissory estoppel, relying on a conversation where Onika Brown from human resources "confirmed" Plaintiff's story and told him he had "nothing to worry about." (*Id*. at ¶ 16.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 13 at 12.) Neither of the parties filed objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and the findings therein, **DENIES** Defendant's Motion to Dismiss Plaintiff's claim for Title VII discrimination, and **GRANTS** Defendant's Motion to Dismiss Plaintiff's claim for promissory estoppel with prejudice (ECF No. 4).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 19, 2020
Columbia, South Carolina